...

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


**JUAN CARLOS GARCIA,**
                **Plaintiff,**

        v.                        CASE NO. 12-3077-SAC

**RICE COUNTY**
**SHERIFF'S DEPARTMENT,**

                **Defendant.**

### MEMORANDUM AND ORDER

This civil complaint was filed pro se pursuant to 42 U.S.C. § 1983 by Juan Carlos Garcia, an inmate of the Dalby Correctional Facility, Post, Texas.[1]  Mr. Garcia seeks an order requiring the Rice County Sheriff's Department to return the $10,000 to him that he alleges he paid for release on bail.  Plaintiff is required to satisfy the filing fee and to show cause why this action should not be dismissed on several grounds including failure to name a proper defendant, failure to state a federal constitutional violation, and expiration of the statute of limitations.

---

[1] Plaintiff has recently filed four civil complaints in this court. In three he refers to himself as Garcia Roman, but in the fourth he calls himself Garcia.  In his 2007 criminal case he is referred to as Garcia, while in his 2010 case he is referred to as Garcia Roman.  The clerk is directed to list all these cases under both names to ensure accuracy of records relating to this person. The court refers to plaintiff as Mr. Garcia in his currently pending cases.  In his petition to enter plea, Mr. Garcia stated that his "full true name is Juan Carlos Garcia."  U.S. v. Garcia, 47-40069-01-SAC (Doc. 87)(D.Kan. February 20, 2008).

**FILING FEE**

The statutory fee for filing a civil action in federal court is $350.00. Mr. Garcia has not paid this fee. Nor has he submitted a motion for leave to proceed without prepayment of fees. This action may not proceed unless and until plaintiff satisfies the statutory filing fee in one of these two ways.

28 U.S.C. § 1915 requires that a prisoner seeking to bring an action without prepayment of fees submit a motion together with an affidavit described in subsection (a)(1), and a "certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the six-month period immediately preceding the filing" of the action "obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2). The clerk shall be directed to provide forms for filing a proper motion under § 1915, and plaintiff is required to utilize these forms if he submits such a motion. If plaintiff does not satisfy the filing fee by either paying the full amount or submitting a properly supported motion within the time prescribed by the court, this action may be dismissed without prejudice and without further notice.

Mr. Garcia is forewarned that under 28 U.S.C. § 1915(b)(1), being granted leave to proceed without prepayment of fees does not relieve a plaintiff of the obligation to pay the full $350 fee. Instead, it merely entitles him to pay the fee over time through

2

payments automatically deducted from his inmate trust fund account as authorized by § 1915(b)(2).[2]  The filing fee of $350.00 must be paid for each action filed.

**FACTUAL BACKGROUND AND CLAIMS**

The following allegations by plaintiff do not present a clear factual background for this complaint.  On December 10, 2006, he was arrested by the Rice County Sheriff's Department for kidnaping, domestic battery and aggravated assault.  He posted bail bond in the amount of $10,000.  He was "not even formally charged criminally."  On December 20, 2006, all charges were dismissed.  However, his bail bond was not released.  "The county has also omitted all requests for retrieval or exoneration of the bail bond."  There is no reason why the bond should be withheld or forfeited.  He was unable to pursue this matter earlier because he was subsequently incarcerated and deported.  The only defendant named is the Rice County Sheriff's Department.

In response to the question on his form complaint regarding previous lawsuits and administrative remedies, plaintiff alleges that he has not begun other lawsuits in state or federal court dealing with the same facts, but has "written several letters

---

[2] If plaintiff files a motion for leave to proceed without prepayment of fees that is granted, then the Finance Office of the facility where he is currently confined will be authorized pursuant to §1915(b)(2) to collect twenty percent (20%) of the prior month's income each time the amount in plaintiff's account exceeds ten dollars ($10.00) until the filing fee has been paid in full.

3

seeking informal resolution with the county without response." He further states that the county has "omitted" his requests.

**SCREENING**

Because Mr. Garcia is a prisoner, the court is required by statute to screen his complaint and to dismiss the complaint or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from such relief.  28 U.S.C. § 1915A(a) and (b); 28 U.S.C. § 1915(e)(2)(B).

A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007). However, a pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).  The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." Whitney v. New Mexico, 113 F.3d 1170, 1173-74 (10th Cir. 1997).  The court accepts all well-pleaded allegations in the complaint as true. Anderson v. Blake, 469 F.3d 910, 913 (10th Cir. 2006). Nevertheless, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. Bell Atlantic

4

Corp. v. Twombly, 550 U.S. 544, 558 (2007).  To avoid dismissal, the complaint's "factual allegations must be enough to raise a right to relief above the speculative level," and there must be "enough facts to state a claim to relief that is plausible on its face."  Id. at 555, 570 (citation omitted).  The complaint must offer "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." Id. at 555.

The court must always assure itself of its jurisdiction. See Image Software, Inc. v. Reynolds & Reynolds Co., 459 F.3d 1044, 1048 (10th Cir. 2006)(stating that a federal court has an independent obligation to determine whether subject matter jurisdiction exists and may raise the issue at any stage in the litigation).

Having screened the materials filed, the court finds the complaint is subject to being dismissed for reasons that follow.

**DISCUSSION**

At the outset, the court finds that it appears from the face of the complaint that this claim is barred by the applicable two-year statute of limitations.  Plaintiff alleges that the taking of his bond money occurred in 2006 or 2007.  The instant complaint was not filed within 2 years of the accrual of plaintiff's cause of action.  Instead, it was filed 5 or 6 years after the alleged taking.  Plaintiff alleges that he was confined and deported, but

5

provides no dates. He does not allege sufficient facts to establish that he is entitled to years of tolling of the statute of limitations.

In addition, it appears that plaintiff has not named a proper defendant. Plaintiff sues the Sheriff's Department of Rice County, Kansas, baldly claiming that this agency withheld his bond money. However, he alleges no facts showing the personal participation of this defendant in collecting, retaining, or disposing of his bond money.[3] In Kansas, bond money is generally deposited with the county district court rather than the sheriff's department. Plaintiff does not allege facts showing that his $10,000 bond money is currently or has ever been in the possession of the Rice County Sheriff's Department.

Furthermore, plaintiff's remedy with respect a claim of improperly withheld bond money lies in state, rather than federal, court. He does not describe any state or county process that took place and resulted in the forfeiture of his bond, even though such procedures exist.[4] If the state district court declared Mr.

---

[3] In the State of Kansas, defendants arrested for felony and serious misdemeanor offenses, other than those punishable by death or life imprisonment, may be released from jail pending trial or plea by posting either a cash or surety bond. See K.S.A. §§ 22-2716; 22-2802. Plaintiff's allegations are that he paid the bond in cash, not that a surety posted bond for him. A judge or magistrate may admit the defendant to bail conditioned upon defendant's appearance at a time specified in the bond. Bail is paid to the clerk of the district court.

[4] K.S.A. § 22-2802 governs release prior to trial and bonds. It currently provides in pertinent part:

(1) Any person charged with a crime shall, at the person's first

6

Garcia's bond forfeited, which is generally what has occurred when bond money is not returned, then his immediate recourse was to file a motion in that court to set aside the forfeiture. Plaintiff does not allege that he has filed any motion regarding his bond money in the state district court. If he did file a motion in the state district court that was denied, and simply disagrees with that court's rulings, then his recourse was to appeal to the Kansas Court of Appeals and ultimately to the Kansas Supreme Court.

---

appearance before a magistrate, be ordered released pending preliminary examination or trial upon the execution of an appearance bond in an amount specified by the magistrate and sufficient to assure the appearance of such person before the magistrate when ordered and to assure the public safety. If the person is being bound over for a felony, the bond shall also be conditioned on the person's appearance in the district court . . . at the time required by the court to answer the charge against such person and at any time thereafter that the court requires. Unless the magistrate makes a specific finding otherwise, if the person is being bonded out for a person felony or a person misdemeanor, the bond shall be conditioned on the person being prohibited from having any contact with the alleged victim of such offense for a period of at least 72 hours.

\* \* \*

(4) A deposit of cash in the amount of the bond may be made in lieu of the execution of the bond pursuant to subsection (3). Except as provided in subsection (5), such deposit shall be in the full amount of the bond and in no event shall a deposit of cash in less than the full amount of bond be permitted. Any person charged with a crime who is released on a cash bond shall be entitled to a refund of all moneys paid for the cash bond, after deduction of any outstanding restitution, costs, fines and fees, after the final disposition of the criminal case if the person complies with all requirements to appear in court.

\* \* \*

(13) The appearance bond and any security required as a condition of the defendant's release shall be deposited in the office of the magistrate or the clerk of the court where the release is ordered. If the defendant is bound to appear before a magistrate or court other than the one ordering the release, the order of release, together with the bond and security shall be transmitted to the magistrate or clerk of the court before whom the defendant is bound to appear.

7

If Mr. Garcia is suggesting that his bond money was improperly confiscated and retained by an employee of Rice County outside the normal state process and that accounting records were tampered with, he does not allege sufficient factual allegations in support to state a plausible claim.  Furthermore, such a claim would clearly involve the sort of random taking of Mr. Garcia's property, for which pre-deprivation due process is impracticable.  It follows that his recourse would be the post-deprivation remedies available in the state court.

It also follows that plaintiff fails to state a federal constitutional claim.  Federal due process is not violated unless and until the State fails to provide adequate post-deprivation remedies for an illegal taking of property.[5]  Here, plaintiff has not pursued any state remedies to recover his bond money and does not allege that state remedies are inadequate.

The court concludes that plaintiff's complaint does not include "enough facts to state a claim to relief that is plausible on its face."  Twombly, 550 U.S. at 555, 570.  Plaintiff is given time to show cause why this action should not be dismissed for the

---

[5] As Mr. Garcia was informed in other pending cases, when a plaintiff alleges deprivation of property occurring as a result of "a random, unauthorized act," the Fourteenth Amendment's due process requirement is satisfied if the state provides an adequate post-deprivation remedy. Parratt v. Taylor, 451 U.S. 527, 541-43 (1981), *overruled on other grounds by* Daniels v. Williams, 474 U.S. 327, 330 (1986); Hudson v. Palmer, 468 U.S. 517, 533 (1984); Zinermon v. Burch, 494 U.S. 113, 128 ("Parratt and Hudson represent a special case . . . in which postdeprivation tort remedies are all the process that is due, simply because they are the only remedies the State could be expected to provide.").  Kansas provides post-deprivation remedies that are adequate.

reasons stated herein including failure to state a cognizable claim under 42 U.S.C. § 1983. If he fails to show cause within the time allotted, this action may be dismissed without further notice for failure to state a claim under 28 U.S.C. § 1915A(a) and (b); 28 U.S.C. § 1915(e)(2)(B). As a consequence it will count as a "prior occasion" or strike under 28 U.S.C. § 1915(g).[6]

**IT IS THEREFORE BY THE COURT ORDERED** that plaintiff is given thirty (30) days in which to satisfy the filing fee herein by either paying the $350.00 fee in full or submitting a properly supported motion to proceed without prepayment of fees upon court-approved forms.

**IT IS FURTHER ORDERED** that within the same thirty-day period plaintiff is required to show cause why this action should not be dismissed for the reasons stated herein including failure to state a federal constitutional claim.

The clerk is directed to send plaintiff forms for filing a motion to proceed without prepayment of fees together with a copy

---

[6] Section 1915(g) of 28 U.S.C. provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court that is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Id. Should Mr. Garcia acquire three strikes, he will be required to "pay up front for the privilege of filing . . . any additional civil actions" in federal court unless he can show "imminent danger of serious physical injury." 28 U.S.C. 1915(g); Jennings v. Natrona County Detention Center, 175 F.3d 775, 778 (10th Cir. 1999).

of this Order.

The clerk is also directed, if appropriate, to list this case as filed by a party named both Garcia and Garcia-Roman.

**IT IS SO ORDERED.**

Dated this 1st day of June, 2012, at Topeka, Kansas.

<u>s/Sam A. Crow</u>
U. S. Senior District Judge